CHASEZ, Judge.
Floyd Hinson, a son of decedent, appeals from a judgment removing him as dative testamentary executor of this succession on rule brought by two other sons and legatees of decedent.
Appellant has at all pertinent times been domiciled in Texas, and the sole ground for his removal from office was his failure to file an appointment of a resident agent for service of process. Since the effective date of the Code of Civil Procedure, January 1, 1961, the filing of such appointment is a prerequisite to the appointment of a non-resident as succession representative; LSA-C.C.P. Art. 3097(4). And, where a succession representative “has ceased to be a domiciliary of the state without appointing an agent as provided in Article 3097 (4),” the court “may remove” him; LSA-C.C.P. Art. 3182.
Appellant’s argument, based on the fact that he was appointed in 1959, prior to the new Code, is that its provisions cannot be *310 applied retroactively against him; that in any case LSA-C.C.P. Art. 3182 does not provide removal of a succession representative who never was, and thus has not “ceased to be”, domiciled in Louisiana; and finally that the District Court abused its discretion in removing him.
The Court below could not, and did not, decree that appellant’s 1959 appointment was invalid for noncompliance with a law effective in 1961. But the Court could, as it did, rule that appellant’s continuance in office in 1962 under his 1959 appointment was dependent on his compliance with the new requirements for remaining in office, effective since 1961. Thus no “retroactive” effect was given to the Code provisions in question.
Nor can Art. 3182 of the Code be held inapplicable to appellant simply because he never resided in Louisiana; to -do so would arbitrarily discriminate, among non-resident representatives of Louisiana successions, against former residents of Louisiana. No such intent can be attributed to the Louisiana Legislature. The intent of the legislature was to facilitate service of Louisiana process on every Louisiana succession representative, whether resident or non-resident, and, if non-resident, whether such non-residence existed at the time of his appointment or came into existence thereafter. The words “ceased to be a domiciliary” do import first, having had a domicile here, and second, not having such a domicile now. But the second element alone bears any relation to the legislative purpose of Art. 3182; having (now or previously) a Louisiana domicile does not reasonably require appointment of a resident agent, but not having such a domicile does. The intent of Art. 3182 is that a succession representative not presently having his domicile in Louisiana is removable for failure to file the required appointment.
The remaining question then is whether the District Court abused its discretion in removing appellant. The rule for his removal was served on his attorney on September 21, 1962, returnable October 19, 1962, and trial of the rule was actually had on October 26, 1962. Ample-time was afforded appellant, during which' he could have filed the required appointment prior to hearing on the rule.' When he insisted on standing pat, instead of filing an appointment, he was gambling his execu-torship and he knew it. Under these circumstances the District Court did not abuse-its discretion in removing appellant.
The appointment filed by appellant subsequent to the judgment removing him cannot, of course, be considered in determining whether the previously-rendered judgment was correct.
The judgment of the District Court is-therefore affirmed. Appellant is to bear the-costs of this appeal.
Affirmed.